Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff, on behalf of herself
and those similarly situated*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAOLA PAZYMINO, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL CREDIT SERVICES LLC, and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Paola Pazymino, individually and on behalf of all others similarly situated, by way of Class Action Complaint against Defendant, Central Credit Services LLC; and John Does 1 to 10, says:

### I.   NATURE OF THE ACTION

1.   Plaintiff brings this class action alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") by threatening to add interest to New Jersey consumers when the creditor of the account ceased assessing interest.

### II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

### III. PARTIES

4. Plaintiff, Paola Pazymino ("Pazymino"), is a natural person.

5. At all times relevant to the factual allegations of this Complaint, Plaintiff was a citizen of the State of New Jersey, residing in Bergen County, New Jersey.

6. Defendant, Central Credit Services LLC ("Defendant" or "CCS"), is a collection law firm with an office located at 20 Corporate Hills Drive, Saint Charles, MO 63301.

7. Defendant John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV. FACTS

A. Background

8. Defendant is not in the business of extending credit, selling goods or services to consumers.

9. Defendant regularly collects or attempts to collect debts that are past due.

10. Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

11. Defendant is in the business of collecting debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

12. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of

natural persons which arise from transactions which are primarily for personal, family, or household purposes.

13. CCS is a collection agency.

14. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation arising from one or more transactions which were primarily for Plaintiff's personal, family or household purposes ("Debt" or "Account").

15. The Account was used to make personal, family and household purchases.

16. Upon information and belief, the use of the Account was limited to personal, family or household purposes.

17. The debts alleged to be owed by the Plaintiff and those similarly situated were incurred for personal, family or household purposes.

18. The Account was assigned to CCS for the purpose of collecting the Debt.

19. Defendant contends that the Account was past due and in default.

20. The Account was past due and in default at the time it was placed with or assigned to CCS for collection.

### B. False Threat of Interest

21. In an attempt to collect the Debt, Defendant mailed a collection letter to Plaintiff on December 11, 2016 (the "CCS Letter").

22. A true copy of the CCS Letter sent by CCS, but with redactions, is attached as ***Exhibit A***.

23. On information and belief, the CCS Letter are mass-produced, computer-generated, form letters that are prepared by the Defendant and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

24. The CCS Letter state that "[y]our balance may increase due to interest or other charges as permitted by law or in your original agreement."

25. Contrary to the statements contained in the CCS Letter, at no time after December 11, 2016 did Defendant or First Premier Bank add "interest" or "other charges" to the accounts.

26. Upon information and belief, First Premier Bank does not add interest or other charges after an account is charged-off.

27. Such statement made to Plaintiff, as well as the least sophisticated consumer, cause consumers to be uncertain as to the amount allegedly owed to First Premier Bank, and uncertain as to how much additional interest would continue to accrue.

28. Defendant's false and misleading statement that "[y]our balance may increase due to interest or other charges as permitted by law or in your original agreement" is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying less than the full amount owed or not paying immediately would cause the balance to increase due to interest.

## V.  CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of the Class initially defined as follows:

> All natural persons with addresses within the State of New Jersey, to whom, beginning December 11, 2016 through and including the final resolution of this case, Central Credit Services LLC, sent one or more letter(s) in attempts to collect a consumer debt, which contained the same or similar statement: "Your balance may increase due to interest or other charges as permitted by law or in your original agreement."

31. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

32. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

33. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendant is a debt collector under the FDCPA;

    B. Whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1);;

    C. Whether Plaintiff and the Class are entitled to damages.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

35. Plaintiff's claims are typical of the claims of the members of the Class.

36. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

37. Plaintiff does not have interest antagonistic to those of the Class.

38. The Class, of which Plaintiff is a member, is readily identifiable.

39. Plaintiff will fairly and adequately protect the interests of the Class, and have retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of

experience in handling consumer class actions, other complex litigation, and claims of the type asserted in this action.

40. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the Class would create the risk that adjudications with respect to individual members of the Class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

41. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.  COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff, on behalf of herself and other similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

43. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

44. The debts alleged to be owed by Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

45. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and interpretations thereof.

46. Defendant's collection letter attached as Exhibit A, and similar letters sent to other New Jersey consumers, are "communications" pursuant to 15 U.S.C. § 1692a(2).

47. Defendant's collection letters were sent to Plaintiff and those similarly situated in attempts to collect the debts.

48. By sending numerous collection letters that misleadingly and deceptively threatened interest and fees, Defendant violated sections 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1) of the FDCPA.

49. The violations of the FDCPA described herein constitute *per se* violations.

50. As a result of any one or more of the above violation of the FDCPA, Defendant is liable to Plaintiff and the putative class for statutory damages, attorney's fees, and costs.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Paola Pazymino, on behalf of herself and others similarly situated, demands judgment against Defendant, Central Credit Services LLC, as follows:

A. For certification of this instant matter as a class action, appointing Plaintiff Paola Pazymino as representative of the Class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

          KIM LAW FIRM LLC

          *s/ Yongmoon Kim*
          Yongmoon Kim
          *Attorneys for Plaintiff on behalf of herself and those similarly situated*

Dated: December 11, 2017